**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**


| | | |
|---|---|---|
| CLEVELAND GRIGSBY, JR., | : | |
| Petitioner, | : | Case No. 3:03CV147 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| ANTHONY BRIGANO, Warden, | : | |
| Lebanon Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

**REPORT AND RECOMMENDATIONS[1]**

**I.     INTRODUCTION**

On August 25, 1999, Cleveland Grigsby, Jr. shot his former girlfriend Monica Seldon twelve times killing her. Just before shooting Seldon, Grigsby attempted to shoot one of her friends but the gun failed to discharge; immediately after shooting Seldon, Grigsby fired twice at her friend as he ran away from Grigsby. (Doc. #4, Exhibit 5 at 2).

A jury in state court found Grigsby guilty of murder, attempted murder, and tampering with evidence, each conviction with a firearm specification. The jury also found Grigsby guilty of having a weapon while under a disability. Among the various sentences Grigsby received for each conviction, which are detailed in a prior Report (Doc. #7 at 2), he is currently serving a life sentence for the murder conviction consecutive to a ten-year sentence for the attempted murder

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

conviction.

Having unsuccessfully pursued direct and collateral appeals of his convictions and sentences in both the Ohio Court of Appeals and the Ohio Supreme Court, Grigsby brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is before the Court upon Grigsby's Petition (Doc. #1), Respondent's Return of Writ (Doc. # 18), and the record as a whole.

## II.  PROCEDURAL BACKGROUND

### A.  Grigsby's Direct Appeal

Grigsby, through counsel, filed a timely appeal of his convictions in the Ohio Court of Appeals. He raised two Assignments of Error:

    I.       The Court erred by not giving Appellant's requested jury instructions on lesser included offenses.

    II.      The Court erred by sentencing Appellant to consecutive imprisonment for two three year firearm specifications involved in a single act or transaction.

(Doc. #4, Exh. 3). The Ohio Court of Appeals rejected each Assignment of Error and affirmed Grigsby's convictions. (Doc. #4, Exh. 5).

Grigsby did not file a timely appeal in the Ohio Supreme Court.[2] He, however, did file a *pro se* Motion for Leave to File Delayed Appeal. (Doc. #4, Exh. 6). The Ohio Supreme Court denied Grigsby's Motion in an Entry containing no explanation. (Doc. #4, Exh. 7).

---

[2] Grigsby had forty-five days following the Ohio Court of Appeal's decision to file an appeal with the Ohio Supreme Court. *See* Ohio Sup.Ct. R. II, §2(A)(1)(a).

2

### B.     Grigsby's Rule 26(B) Motion

In January 2002 Grigsby filed a *pro se* Motion To File Delayed Motion To Reopen Appeal As Of Right Based Upon Claim Of Ineffective Assistance Of Counsel Per Ohio R. App. P. 26(B). (Doc. #4, Exh. 8). Grigsby sought to raise the following Proposition of Law:

> Appellant['s] counsel may have rendered constitutionally ineffective assistance of counsel on direct appeal in this case where he denied Appellant of his absolute right to procedural due process of law in not recognizing, arguing and briefing the fact that Appellant's conviction for attempted murder rests upon a double inference and in violation of the Due Process Clause of the Ohio and United States Constitution[s].

(Doc. #4, Exh. 8 at 3). The Ohio Court of Appeals denied Grigsby's Rule 26(B) Motion. (Doc. #4, Exh. 9 at 3)(emphasis in original).

Grigsby next filed a *pro se* Memorandum in Support of Jurisdiction in the Ohio Supreme Court raising four Propositions of Law:

> I.   It was error and abuse of discretion for the Court of Appeals to grant Appellee's motion to dismiss and summary judgment in violation of Appellant's absolute right to procedural due process of law under the 14th Amendment to the United States Constitution.
>
> II.  The Court of Appeals erred and abused its discretion where that court failed to make and file written findings of fact and conclusions of law relative to the substantive grounds asserted in the motion to reopen in violation of Appellant's absolute right to procedural due process of law as guaranteed by the 14th Amendment, U.S. Constitution.
>
> III. The Court of Appeals deprived the Appellant of his absolute right to procedural due process of law in violation of the Due Process Clause of the U.S. Constitution where it overruled the motion to reopen without an evidentiary hearing.
>
> IV.  Appellant's sentence for three firearm specification enhancements is Void as a matter of law.

(Doc. #4, Exh. 10).

The Ohio Supreme Court denied Grigsby leave to appeal in a cursory Entry stating in

part that his appeal did not involve any substantial constitutional question.  (Doc. #4, Exh. 12).

The Ohio Supreme Court did not explain this conclusion.  *See id.*

### III.  GRIGSBY'S HABEAS PETITION

Grigsby's Petition for Writ of Habeas Corpus raises three grounds for relief:

GROUND ONE:            Ineffective assistance of trial counsel.

Supporting Facts: Trial counsel was ineffective where he failed to recognize, argue and brief that petitioner's conviction for attempted murder violates the double inference rule and therefore substantive due process of law under the 14th Amendment.

GROUND TWO:            Ineffective assistance of appellate counsel.

Supporting Facts: Appellate counsel was ineffective for his failure to argue strongest errors revealed by record, to wit: trial counsel's ineffectiveness for failure to object to conviction for attempted murder resting on double inference.

GROUND THREE:   Judge of sentence [sic] violates Due Process Clause for being void as a matter of law.

Supporting Facts: State trial court exceeded its subject-matter jurisdiction in imposing multiple firearm specification enhancements.

(Doc. #1 at 5-6).

### IV.  ANALYSIS

#### A.    **Procedural Default**

Respondent contends that Grigsby committed the following procedural defaults:  not raising his claim of ineffective assistance of trial counsel in his direct appeals; not raising his claim of ineffective assistance of appellate counsel claim in his Rule 26(B) Motion; and not raising his sentencing challenge in his direct appeal to the Ohio Supreme Court.  Respondent

4

further contends that Grigsby cannot demonstrate cause and prejudice to excuse his procedural defaults and consequently his claims are waived for purposes of federal habeas review.

### 1.
### Applicable Standards

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court..., alerting that court to the federal nature of the claim." *Reese*, 541 U.S. at 29 (citations omitted).

To fairly present federal claims in the Ohio courts, a petitioner must raise the substance of them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *see also Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001).  A petitioner must also bring certain claims in a petition for post-conviction relief under Ohio Rev. Code §2953.21 or in an Application to Reopen Appeal under Ohio R. App. P. 26(B).  *See Lopez v. Wilson*, 426 F.3d 339, 342-43 (6th Cir. 2005)(*en banc*); *see also Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990); *Morgan v. Eads*, 104 Ohio St.3d 142, 143-44 (2004).  Regardless of which avenue of appeal a convicted defendant takes, he must properly raise federal constitutional claims in both the Ohio Court of Appeals and the Ohio Supreme Court.  "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel,*

5

526 U.S. 838, 845 (1999)).

If a federal habeas petitioner fails to fairly present his federal claims to the state courts and if a state procedural rule bars the petitioner from receiving in state court a merits review of the federal claims, then the petitioner's procedural default may result in a waiver of the claims for purposes of federal habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). One way a petitioner may procedurally default is by failing to raise on direct appeal claims appearing on the face of the trial record. *Bagley*, 380 F.3d at 967. This constitutes a procedural default under Ohio's doctrine of *res judicata*. *Id*. As applied by the Ohio courts, "*res judicata* is an adequate and independent state ground for barring habeas review of constitutional claims." *Id*.

Only two limited situations excuse a procedural default: (1) if a petitioner shows cause and prejudice or (2) if the petitioner shows a fundamental miscarriage of justice will result from the failure to consider the merits of the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002).

**2.
First Ground for Relief**

Grigsby did not raise his first ground for relief – ineffective assistance of trial counsel – on direct appeal in the Ohio Court of Appeals or in the Ohio Supreme Court. This ground for relief appears on the face of the trial record, because it is based on his trial attorney's failure to recognize and argue at trial Grigsby's double-inference theory. Ohio's doctrine of *res judicata* required Grigsby to raise this claim on direct appeal in both the Ohio Court of Appeals and the Ohio Supreme Court. *See Bagley*, 380 F.3d at 967 (and cases cited therein). His failure to do so

constitutes a procedural default. *See id*.

Grigsby's claim of ineffective assistance of trial counsel is therefore barred by procedural default unless either cause and prejudice or a miscarriage or justice excuses the default.

### 3.
### Second Ground for Relief

Ohio procedural law required Grigsby to raise his claim of ineffective assistance of appellate counsel in his Rule 26(B) Motion. He partly accomplished this by raising it in the Ohio Court of Appeals, and the Ohio Court of Appeals reached and rejected this claim on the merits. *See supra*, p. 3. Whether Grigsby fairly presented this claim to the Ohio Supreme Court in his Rule 26(B) appeal is a closer question.

A review of Grigsby's Memorandum in Support of Jurisdiction reveals that he attempted to raise in the Ohio Supreme Court a federal constitutional claim of ineffective assistance of appellate counsel. *See* Doc. #4, Exh. 10 at 1-3. This conclusion is clouded by Grigsby's references in his Motion mainly to state cases and to the Court of Appeals's purported misapplication of summary-judgment standards. *See id*. However, Grigsby explained to the Ohio Supreme Court that he raised a valid claim in the Court of Appeals base on ineffective assistance of appellate counsel, and he characterized this as a violation of the United States Constitution. *Id*. at 1-2. Any doubt about whether Grigsby's Memorandum fairly presented this constitutional claim to the Ohio Supreme Court is removed by a review of the Memorandum in Response filed by the State in the Ohio Supreme Court. The State recognized in its Memorandum, "The two-pronged analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668..., is the appropriate standard to assess whether a defendant has raised a 'genuine issue' as to the claim of ineffective assistance of appellate counsel in an application for reopening." (Doc.

#4, Exh. 11 at 4-5). The State further argued, after quoting the Ohio Court of Appeals' merits-based rejection of Grigsby's ineffective assistance of appellate counsel claim, that the Court of Appeals did not misapply the pertinent standard of law. *Id*. at 5-6. Because this included the standards of law set forth in *Strickland v. Washington*, and because Grigsby based this claim of ineffective assistance on his double-inference theory (Doc. #4, Exh. 9 at 1-2) – the same ground he asserts in his federal habeas Petition – Grigsby fairly presented the substance of this federal constitutional claim to the Ohio Supreme Court. *See Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005).

Accordingly, Grigsby has not committed a procedural default with regard to his claim of ineffective assistance of appellate counsel.

### 4.
### Third Ground for Relief

Grigsby committed a procedural default with regard to his third ground for relief, which challenges the enhancements to his sentence based on firearm specifications as a violation of due process. Grigsby raised this claim on direct appeal in the Ohio Court of Appeals, yet he did not file a timely direct appeal in the Ohio Supreme Court. Although he filed a Motion for Delayed Appeal explaining why he did not raise a timely direct appeal, the Ohio Supreme Court denied his Motion by Entry without explanation. (Doc. #4, Exhs. 6-7).

This is the same procedural default presented in *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), in which the United States Court of Appeals for the Sixth Circuit explained:

> Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup. Ct. R. II, Section 2(A)(4). Where a state court is entirely silent as to its reasons

8

> for denying requested relief, we assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman*, 94 F.3d 199 203 (6th Cir. 1996).

*Bonilla*, 370 F.3d at 497.

Accordingly, Grigsby's due process challenge to his sentence is barred by procedural default unless cause and prejudice or a miscarriage or justice excuses the default.

### 5.
### Cause and Prejudice

As to his procedurally defaulted first and third grounds for relief, Grigsby has not specifically argued in the instant case that cause exists or that prejudice will occur absent a merits review of these claims. *See* Doc. #s 1, 5. Grigsby has therefore not met his burden of presenting a substantial reason to excuse his procedural default. *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Construing Grigsby's habeas Petition in his favor, it remains possible that his properly presented claim of ineffective assistance of appellate counsel may excuse his procedural default at least as to his ineffective assistance of trial counsel claim, which rests on the same double-inference theory. Ineffective assistance of appellate counsel may constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Yet, this ultimately is unavailing to Grigsby because, as discussed below, his ineffective assistance of appellate counsel claim lacks merit. *Supra*, §IV(B).

Grigsby has also not demonstrated that a fundamental miscarriage of justice, such as his actual innocence, will occur if his claim these claims are procedurally defaulted. "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is

9

actually innocent.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004)(citation omitted). Grigsby has not presented such evidence in support of his federal habeas Petition. As a result, he has not shown that a fundamental miscarriage of justice occurred in connection with convictions and sentences. *See id*.

Accordingly, Grigsby has not demonstrated either cause or prejudice sufficient to excuse his procedural defaults with regard to his first and third ground for relief. He has therefore waived these claims for purposes of federal habeas review.

### B. Grigsby's Ineffective Assistance Claims Lack Merit

Respondent contends that each of Grigsby's ineffective assistance of counsel claims lack merit. This contention is well taken.

The plain language of §2254 prohibits granting a Writ of Habeas Corpus based on a *de novo* review of state-court decisions. *Price v. Vincent*, 538 U.S. 634, 639 (2003). Instead, the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") requires the federal courts to view state-court decisions "through the lens of §2254...." *Price*, 538 U.S. at 639. A writ of habeas corpus may not issue under 2254 with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrases "contrary to" and "unreasonable application" have independent meanings:

> A federal habeas court may issue the writ under the 'contrary to' clause if

10

> the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted); *see Doan v. Brigano*, 237 F.3d 722, 729 (6th Cir.2001).

"The Supreme Court has made clear that post-AEDPA claims of ineffective assistance of counsel brought by habeas petitioners will succeed only in very limited circumstances.... For [the petitioner] to succeed..., he must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the ... [state] Court of Appeals applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Payne v. Bell* 418 F.3d 644, 665 (6th Cir. 2005).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermined the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

Grigsby cannot meet these difficult standards with regard to his ineffective assistance claims. He bases both claims on his double-inference theory, arguing that his trial and appellate attorneys were constitutionally ineffective for failing to recognize, raise, and argue his double-inference theory as a constitutional violation. In the Ohio courts, Grigsby characterized this

11

constitutional claim as a "dead bang winner" and emphasized that its omission by counsel constituted constitutionally deficient performance. (Doc. #4, Exh. 8 at 7). The Ohio Court of Appeals rejected Grigsby's double-inference theory both on his direct appeal and when denying his Rule 26(B) Motion. *See* Doc. #4, Exhs. 5, 9. This also led the Court to reject Grigsby's ineffective assistance of appellate counsel claim in his Rule 26(B) proceedings as follows:

> In our opinion in the original appeal, we specifically held that the jury could infer an intent to kill [Seldon's friend] from the fact that Grigsby tried to fire at him once at close range, and then actually fire twice at [Seldon's friend] as he attempted to flee. This inference does not depend upon an inference with regard to the killing of Seldon. It is a separate and distinct inference based solely upon the actions taken against [Seldon's friend]. In our view, the argument that Grigsby claims his original appellate counsel ought to have raised is not even close. No reasonable mind would be persuaded by the argument. Therefore, we reject Grigsby's claim that appellate counsel was ineffective for not asserting this claim of error, and the application for reconsideration is hereby **DENIED**.

(Doc. #4, Exh. 9 at 3)(emphasis in original).

The Ohio Court of Appeals applied *Strickland v. Washington* in reasonable manner by correctly reasoning and holding that counsel did not provide constitutionally deficient performance when he did not raise Grigsby's wholly meritless double-inference theory. This theory lacked merit because, as the Ohio Court of Appeals correctly concluded, the jury was not required to make a double inference in order to conclude that Grigby intended to murder Seldon's friend. Instead, the evidence supported the single inference that Grigsby intended to murder Seldon's friend based on Grigsby's act of attempting to shoot Seldon's friend, which failed only because the gun failed to fire, and his later act of shooting twice at Seldon's friend as he ran away from Grigsby.[3] The jury was thus presented with sufficient evidence – independent

---

[3] Grigsby has not challenged the Ohio Court of Appeals' key factual findings, although he does not remember firing at Seldon's friend. *See* Doc. #4, Exh. 8 at 3. The Ohio Court of Appeals determined that Grigsby attempted to shoot Seldon's friend, then shot Seldon twelve times killing her, then shot twice at Seldon's friend. *See*

12

of Grigsby's act of shooting and killing Seldon – to prove Grigsby's intent to murder Seldon's friend.  *Cf. Jackson v. Virginia*, 443 U.S. 307 (1979)(no due process violation if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).  In light of this evidence, Grigsby's characterization of his double-inference theory as a "deadbang winner" is meritless, and consequently, his appellate counsel did not provide constitutionally deficient performance by failing to raise this theory on direct appeal.  *See Joshua v. DeWitt* 341 F.3d 430, 441 (6th Cir. 2003)("To be sure, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quoting *Smith v. Murray,* 477 U.S. 527, 536 (1986)); *see also Ludwig v. U.S.*, 162 F.3d 456, 458 (6th Cir. 1998)(trial counsel's failure to raise meritless claims not constitutionally ineffective assistance).  Because both of Grigsby's ineffective assistance of counsel claims were based on a meritless double-inference theory, his claims of ineffective assistance of trial and appellate counsel lack merit.

Accordingly, Grigsby's first and second grounds for relief lack merit.


**V.**     **Certificate of Appealability**

Before Grigsby may appeal a denial of his habeas Petition, he must first obtain a certificate of appealability.  28 U.S.C. §2253(c)(1)(A).  To obtain a certificate of appealability when a habeas Petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This is

---

Doc. #s 1, 5.  These factual findings are entitled to a presumption of correctness.  *See* 28 U.S.C. §2254(e).

13

accomplished by showing that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

If the District Court dismisses the habeas Petition on procedural grounds without reaching the constitutional questions, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  The procedural issue should be decided first so as to avoid unnecessary constitutional rulings.  *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring)).

In the instant case, the conclusion that Grigsby's first and third grounds for relief are barred by procedural default and that his first and second grounds for relief lack merit are not debatable by jurists of reason.  Grigsby's habeas Petition and contentions do not otherwise present issues adequate to deserve encouragement to proceed further.  Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Cleveland Grigsby, Jr.'s Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

December 6, 2005                             s/ Sharon L. Ovington
                                             Sharon L. Ovington
                                             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).