IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


CLEVELAND GRIGSBY, JR.,                :

       Petitioner,                :

    vs.                                    Case No. 3:03cv147
                                       :
WARDEN, LEBANON CORRECTIONAL           JUDGE WALTER HERBERT RICE
INSTITUTION,                           :

       Respondent.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #24) IN THEIR ENTIRETY; PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #27) OVERRULED IN THEIR ENTIRETY; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER, DENYING PETITION FOR WRIT OF HABEAS CORPUS; CERTIFICATE OF APPEALABILITY AND ANTICIPATED REQUEST TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

Based upon the reasoning and citations of authority set forth by the United States Magistrate Judge, in her Report and Recommendations filed December 6, 2005 (Doc. #24), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Report and Recommendations are adopted in their entirety.  The Petitioner's Objections to said judicial filing (Doc. #27) are overruled.  Judgment will be ordered entered in favor of Respondent and against Petitioner herein, denying Petitioner's Petition for a Writ of Habeas Corpus.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the United States Magistrate Judge that Petitioner's first and third grounds for relief are barred by the doctrine of procedural default and that the second such should be denied upon its merits.

2. Even if one were to assume that procedural default was not properly injected into this litigation, Petitioner's first claim would fail upon its merits (based upon the same reasoning utilized by the Magistrate Judge in denying the Petitioner's second ground for relief), and the third ground for relief would allege nothing more than a violation of state, not federal law, and thus an issue not cognizable in this Court within a Petition for Writ of Habeas Corpus.

3. The doctrine of *Blakely v. Washington*, 124 S.Ct. 2531 (2004) has not been held to be applicable to proceedings on collateral review.

4. Petitioner indicates that the state court's failure to instruct the jury on the lesser included offense of voluntary manslaughter implicitly asserts a claim of actual innocence. Doc. #27 at 10-11. Petitioner misunderstands the difference between factual innocence of a specific offense and actual innocence, meaning non-culpability for any criminal action under any criminal statute.

WHEREFORE, based upon the aforesaid, this Court orders that judgment be entered in favor of the Respondent and against Petitioner, denying Petitioner's

Petition for Writ of Habeas Corpus in its entirety. Further, this Court agrees with the Magistrate Judge that "with regard to the first and third grounds for relief, Petitioner has failed to show that jurists of reason would find it debatable as to the correctness of its ruling with regard to procedural default and, further, with regard to the second ground for relief, upon which the Court reached the merits and found adversely to Petitioner. Accordingly, Petitioner has failed to make a substantial showing of the denial of a constitutional right and that its decision upon the merits is debatable by jurists of reason. Accordingly, a Certificate of Appealability will be denied. Finally, given that any appeal from this Court's decision would be objectively frivolous, this Court denies Petitioner the right to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 22, 2006

/s/ Walter Herbert Rice
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Cleveland Grigsby, Jr., *Pro Se*
Jerri Lynne Fosnaught, Esq.
Stephanie L. Watson, Esq.